IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-03621-SKC

S.D.R.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

OPINION & ORDER

---

Plaintiff S.D.R.[1] filed an application for Disability Insurance Benefits (DIB) in August 2018, alleging a disability onset date of June 1, 2018. [Dkt. 19; AR at 167.][2] Plaintiff alleged her ability to work was limited by generalized anxiety disorder, panic disorder, depression, degenerative disc disease, nerve pain from cervical disc issues, rheumatoid arthritis, and focal seizures. [AR at 203.] Plaintiff was born on May 18, 1973, and she was forty-five years old on the date of her alleged disability onset. [*Id.* at 200.] She completed one year of college and had previous work experience as a veterinary technician. [*Id.* at 204.]

---

[1] This Opinion & Order identifies Plaintiff by initials only per D.C.COLO.LAPR 5.2.

[2] The Court uses "[Dkt. __]" to refer to specific docket entries in CM/ECF. The Court uses "[AR at ___]" to refer to entries from the Administrative Record.

1

After her initial application was denied, Plaintiff requested a hearing (at which she was represented by counsel), which was held on March 5, 2020, before Administrative Law Judge Kathleen Laub. [*Id.* at 63-92, 110-11.] ALJ Laub issued her opinion denying benefits on May 13, 2020. Following the decision, Plaintiff requested review by the Appeals Council, which denied her request, and in doing so, the decision of the ALJ became the final decision of the Commissioner of Social Security. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted).

Plaintiff filed this action on December 10, 2020, pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-33, for review of the Commissioner's final decision denying her application for DIB. [Dkt. 1.] On April 13, 2021, the parties consented to magistrate judge jurisdiction to "conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment." [Dkt. 15.] Accordingly, on August 4, 2021, the case was referred to this Court [Dkt. 23], which has jurisdiction to review the final decision of the Commissioner. 42 U.S.C. § 405(g).

The Court has carefully considered the Complaint [Dkt. 1], Plaintiff's Opening Brief [Dkt. 19], Defendant's Response Brief [Dkt. 20], Plaintiff's Reply [Dkt. 22], the entire case file, the Social Security Administrative Record (AR), and applicable law. A hearing is unnecessary. For the following reasons, the Court AFFIRMS.

## A. DIB FRAMEWORK

A person is disabled within the meaning of the Social Security Act "only if [her] physical and/or mental impairments preclude [her] from performing both [her]

previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-cv-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (quoting 42 U.S.C. § 423(d)(2)). "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that [she] can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job [she] finds for a significant period of time." *Fritz v. Colvin*, 15-cv-00230-JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original, quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

3

> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made based on the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 97234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1) and a duration requirement are deemed disabling at step three with no need to proceed further in the five-step analysis. 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step"). Between the third and fourth steps, the ALJ must assess the claimant's residual functional capacity (RFC). *Id.* § 404.1520(e). The claimant has the burden of proof in steps one through four. The Commissioner bears the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

The ALJ's opinion in this case followed the five-step process outlined in the Social Security Regulations. [AR at 7-28.] At step one, the ALJ found Plaintiff engaged in substantial gainful employment during the alleged period of disability, but also found there was a twelve-month period without substantial gainful activity. [*Id.* at 13.] At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, status-post disc replacement; impingement syndrome of the left shoulder; bilateral hand arthralgia; and a seizure-like disorder. [*Id.*] At step three, the ALJ concluded Plaintiff did not have an impairment that met or medically equaled a listed impairment. [*Id.* at 14-16.] She

4

then found Plaintiff had, with some limitations, an RFC to perform light work as defined in 20 C.F.R. § 404.1567(b). [*Id.* at 16.]

At step four, the ALJ concluded Plaintiff was unable to perform her past relevant work. [*Id.* at 22.] But she did conclude there were other jobs in the economy Plaintiff could perform, including work as a Marker, Cleaner, and Cafeteria Attendant. [*Id.* at 23.] Because there was a significant number of jobs she could perform, the ALJ found Plaintiff did not meet the definition of "disabled" for purposes of the Social Security Act. [*Id.* at 24] Accordingly, her application for DIB was denied.

## B. STANDARD OF REVIEW

In reviewing the Commissioner's final decision, the Court is limited to determining whether the decision adheres to applicable legal standards and is supported by substantial evidence in the record. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (citation omitted); *Angel v. Barnhart,* 329 F.3d 1208, 1209 (10th Cir. 2003). The Court may not reverse an ALJ simply because it may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in their decision. *See Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted).

## C. ANALYSIS

Plaintiff makes a single argument on appeal—the ALJ erred in failing to assign a treating provider's opinion controlling weight.[3] [Dkt. 19.] This contention invokes previous regulations governing the assessment of medical opinions. Under the prior regulations, the opinions of treating providers were entitled to more weight than other sources. And if the opinions were supported by acceptable clinical and laboratory techniques and were not inconsistent with other substantial evidence in the record, they were accorded controlling weight. *See* 20 C.F.R. § 404.1527.

Plaintiff, however, filed her claim for benefits after March 27, 2017. As such, the rules in 20 C.F.R. § 404.1520c now apply. Under the new regulations, the Commissioner will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Instead, the Commissioner will consider the persuasiveness of each medical source's opinions using five factors: (1) supportability; (2) consistency; (3) relationship with the claimant—including the length of treatment relationship and frequency of examinations; purpose and extent of treatment relationship and examining

---

[3] The Court notes that although the ALJ characterized the at-issue report as that of a treating provider, the report was authored following a single evaluation session. Thus, it was not in fact authored by a "treating" provider. *See Fleming v. Colvin*, 218 F. Supp. 3d 1242, 1250 (D. Colo. 2016) ("The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies *over a long period of time* will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records.") (emphasis added). Even under the previous regulations, this report would not be entitled controlling weight.

relationship; (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical findings. *Carr v. Saul*, No. 20-cv-02241-NRN, 2021 WL 4307085, at \*2-3 (D. Colo. Sept. 22, 2021).[4]

On August 7, 2018, Shari Barta, OTR/L and Doris J. Shriver, OT/L, issued a report concluding Plaintiff's functional capacity was below the sedentary level. [AR 453-70.] The report included various exertional limitations based on Plaintiff's reported symptoms, her medical records, and clinical exams used "to predict vocational potential and functional capacity." [*Id.* at 453.] The ALJ, however, did not find the opinions in the report to be persuasive. [*Id.* at 21.] Specifically, the ALJ found the opinions to be inconsistent with Plaintiff's reported ability to perform various recreational activities and exertional work activities. [*Id.*] The ALJ also noted Plaintiff's impairments were "very amenable to conservative treatment." [*Id.*]

Plaintiff challenges the ALJ's finding that the exertional limitations in the report were inconsistent with her testimony that she was occasionally required to lift 40 to 60 pounds at work. [Dkt. 19 at p.5.] As the Court understands it, Plaintiff argues that because the ALJ ultimately concluded—in the RFC—she could not perform medium or heavy work (which requires lifting 40 to 60 pounds), the ALJ erred by relying on Plaintiff's testimony to discount the functional capacity report. Plaintiff cites no authority for this proposition; but more importantly, the new regulations are

---

[4] In her Reply, Plaintiff specifically addresses the ALJ's opinion in relation to the new regulations. These arguments must fail because they were not raised in the opening brief. The Court sees no reason to depart from the well-settled rule that "arguments raised for the first time in a reply brief are generally deemed waived." *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011).

7

clear an ALJ may evaluate a medical source opinion based on its consistency with the record as a whole. *Carr*, 2021 WL 4307085, at *3 (Consistency, "is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record."). In this instance, the report concluded Plaintiff could not (under any permutation) lift more than 30 pounds, which is indeed inconsistent with Plaintiff's testimony on the matter.

Plaintiff also argues the report is supported and consistent with the other record medical evidence, and therefore, is entitled to more "weight." [Dkt. 19 at p.6.] But this is an argument apropos to the previous regulations and the determination of weight given to medical sources. Here, as required by the new regulation, the ALJ considered the report in relation to the record as a whole and found inconsistencies detracting from its persuasiveness. While this Court, were it to do its own independent assessment, might have reached a different conclusion, the ALJ's determination regarding the report applied the correct legal standard and is supported by substantial evidence in the record. Thus, the Court perceives no reversible error.

\*   \*   \*

For the reasons set forth above, the Court is satisfied the ALJ applied the correct legal standard, and the conclusions are supported by more than a scintilla of evidence. The Commissioner's decision is AFFIRMED, and this civil action is DISMISSED, with each party to bear their own fees and costs.

DATED: March 30, 2022

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge

9